ANTHONY AND SCOVILL COMPANY *vs.* METROPOLITAN ART COMPANY & others.

Suffolk.     March 29, 1905. — January 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Corporation,* Foreign, statutory liability of officers and stockholders. *Equity Pleading and Practice.*

The liability of the officers and stockholders of a foreign corporation having a usual place of business in this Commonwealth for the debts of such corporation under R. L. c. 126, § 18, if they have participated in a conveyance to the corporation of property at an unfair valuation in payment for capital stock of the corporation, is not rendered less enforceable by the provision of § 19 of the same chapter excepting persons so liable from the operation of the fourth clause of R. L. c. 110, § 58, while making them subject to the rest of §§ 58–68 of that chapter, the fourth clause being excepted because it provides that in the case of domestic corporations, where property mentioned in the statement required by another section of that statute is not conveyed and taken at a fair valuation, only the officers signing the statement shall be liable, while c. 126, § 18, provides that in the case of foreign corporations all officers and stockholders participating in a conveyance to the corporation at an unfair valuation in payment for capital stock shall be liable.

In a suit in equity to establish the individual liability of officers and stockholders of a foreign corporation having a usual place of business in this Commonwealth

under R. L. c. 126, § 18, for the debts of the corporation on the ground that they have participated in a conveyance to the corporation of property at an unfair valuation in payment for capital stock of the corporation, it is no defence that the defendants in signing a certificate of the valuation found to be unfair did so without any fraudulent intent and without actual knowledge that any statement contained in it was false, their liability under the statute depending not on fraudulently signing a certificate but on participating in a conveyance of property at an unfair valuation in payment for capital stock, and it being made the duty of such participants to know that the valuation is fair.

In a suit in equity to establish the individual liability of officers and stockholders of a foreign corporation having a usual place of business in this Commonwealth under R. L. c. 126, § 18, if the bill states facts showing that the defendants participated in a conveyance to the corporation of property at an unfair valuation in payment for capital stock of the corporation, a further allegation that the defendants made a false and fraudulent certificate as to the valuation is immaterial and may be disregarded.

KNOWLTON, C. J.   This is a bill in equity filed in the Superior Court on July 15, 1903, by the plaintiff in behalf of itself and other creditors, seeking to establish the individual liability of the defendants, David Benshimol as president, Charles H. Lerned as treasurer, and Abram Lipp, who, with the other two, constituted a majority of the board of directors, for the debts of the defendant, the Metropolitan Art Company, by reason of the fact that the capital stock of the defendant corporation had been paid in by a conveyance to the corporation of property taken at an unfair valuation, and a certificate thereof had been made which the defendants knew to be false, contrary to the provisions of the R. L. c. 126, § 18.

In the Superior Court, the judge before whom the case was tried found that the defendant corporation was organized under the laws of the State of Maine on July 8, 1902, with a capital stock fixed at $100,000, and on or about that date first established a usual place of business in Boston, in this Commonwealth; that on October 1, 1902, the defendant corporation was indebted to the plaintiff for goods sold and delivered by the plaintiff to the defendant corporation; that on December 30, 1902, the plaintiff brought an action against the defendant corporation, and afterwards recovered judgment for a sum stated, which judgment remains unsatisfied; that an execution was issued and a demand was made on the officers, and that on May 9, 1903, the execution was returned unsatisfied.

The judge further found as follows: "Defendant Benshimol

was the president and a director, and the defendant Lipp was a director of said corporation from its organization until the 7th day of October, 1902, when each of them resigned his said offices, parted with all of his stock, and thereafter was in no way interested or concerned in said corporation or connected with it. These three individuals, hereinafter called the defendants, were a majority of the board of directors from the organization of the defendant corporation until said 7th day of October, 1902; and on the 9th day of July, 1902, they as said majority of the directors took the stock, merchandise, machinery, franchises, and all property of the firm of Benshimol, Lerned and Lipp, doing business as the Metropolitan Art Company, a partnership composed of the defendants, in payment for all the capital stock of said corporation, at a valuation of one hundred thousand dollars, and issued in exchange for said property all the capital stock of said corporation, being of the par value of one hundred thousand dollars; and on the 9th day of July, 1902, the defendants, being then the president, treasurer, and a majority of the directors of said corporation as aforesaid, made, signed, and swore to the certificate, and on the 23d day of said July, caused said certificate so signed and sworn to to be filed in the office of the secretary of the Commonwealth. The capital stock of said corporation was paid in by the conveyance to said corporation of said property at said valuation of one hundred thousand dollars; and this was done and said valuation was made and fixed on by the defendants. The valuation of one hundred thousand dollars put upon said property as aforesaid was an unfair valuation. Said property could not have been fairly valued at that time at more than fifty thousand dollars; and its real market value was then much below even this last named sum. But it did not appear and I do not find that the defendants or either of them signed or filed said certificate with any fraudulent intent or with actual knowledge that any statement therein contained was false or had any wilful intent to make any false statement, though they had reasonable cause to know and ought to have known that said valuation was an unfair one."

On January 2, 1905, a decree was entered establishing the debt, and ordering the three personal defendants jointly and severally to pay the debt with costs. The case is before us on

the appeal of the three defendants from this decree. Section 18 of the R. L. c. 126, reads as follows: "If the capital stock of a foreign corporation which is subject to the provisions of the preceding section has been paid in by a conveyance to the corporation of property, real or personal, at an unfair valuation, the officers, members or stockholders who participate in such conveyance or in the taking of such property at such unfair valuation, or who have purchased or received shares with knowledge of said fact, shall be jointly and severally liable for its debts or contracts." The finding of the judge brings the case clearly within the provisions of this section. Section 19 of the same chapter reads as follows: "The extent, conditions and manner of enforcing the liability imposed by the preceding two sections shall be the same as is provided in the case of domestic corporations by sections fifty-eight to sixty-eight, inclusive, of chapter one hundred and ten, except clause four of said section fifty-eight. No officer, member or stockholder shall be liable under the provisions of the preceding two sections for any bonded or mortgage debt of corporations."

The first contention of the defendants is that § 18 is not enforceable because of the exception stated in § 19. But this exception of clause four of § 58 leaves all the general provisions for the enforcement of the liability in full force. The reason for the exception in this section is the same as that for the same exception in § 17 of this chapter, which establishes a liability upon the officers and stockholders of foreign corporations for the debts and contracts of these corporations, on the same conditions and in the same manner as is provided for domestic corporations by §§ 58 to 68 of c. 110, with this exception. The reason is, that this liability is expressly stated in § 18 above quoted, in different terms from the similar liability for debts of domestic corporations stated in c. 110, § 58, cl. 4. Only the officers of domestic corporations who sign the statement for filing, when the property mentioned in the statement was not conveyed or taken at a fair valuation, are liable for the debts of the corporation; while under § 18 above quoted, the officers, members or stockholders who participate in the conveyance, or who have purchased or received shares with knowledge of the fact, are liable for the debts. This difference in liability makes the

exception in §§ 17 and 19 necessary. There is no good ground for the contention that § 18 is not enforceable because of this exception.

The other contention of the defendants is that the liability does not exist in this case because the judge has failed to find that the defendants, in subsequently filing the certificate required by the statute, acted with a fraudulent intent, or with actual knowledge that any statement therein contained was false, or with a wilful intent to make a false statement, although they had reasonable cause to know and ought to have known that the valuation was an unfair one. It is to be noticed, first, that the liability under § 18 is not for fraudulently signing a certificate, but for participating in a conveyance of property to the corporation, to be taken as capital stock at an unfair valuation. The Legislature has seen fit to make such participation by officers and members of a foreign corporation a sufficient ground for holding them for the corporate debts. The law puts upon them the duty of seeing that property which they convey to be taken for capital stock of a corporation is conveyed at a fair valuation. Under this section it is not necessary to prove actual knowledge that the property is valued too high. When they are engaged in a transaction upon which so much depends, it is their duty to know that the corporation is not left deficient when it ought to receive its capital in full.

No question of pleading has been raised, and we are of opinion that the allegations of the bill are sufficient. That a conveyance was made to the corporation by the defendants, as individual owners, of property which they bought for the corporation as directors, at the price of $100,000, when its fair value was not more than $10,000, is plainly stated in the bill. This, with the other averments, covers all that is necessary to entitle the plaintiff to relief. The fact that the bill goes further, with averments in regard to the making of a false and fraudulent certificate, is immaterial. ·

*Decree affirmed.*

*W. B. Orcutt*, (*D. Benshimol* with him,) for the defendants Lipp, Benshimol and Lerned.

*E. F. McClennen*, (*W. S. Heilborn* with him,) for the plaintiff.