STANDARD ASPHALT COMPANY *vs.* MERRIMACK PAVING COMPANY & others.

Middlesex. March 13, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Corporation,* Foreign, Liability of officers and of stockholders.

The provision of R. L. c. 126, § 17, that the officers and members or stockholders of foreign corporations which have a usual place of business in this Commonwealth shall be jointly and severally liable for its debts and contracts on the same conditions and in the same manner as is provided for domestic corporations by §§ 58 to 68 inclusive of R. L. c. 110, applies only to liabilities to which such officers and stockholders may be subject under existing laws, and does not apply to the liability imposed on the officers of domestic corporations by cl. 6 of § 58 of R. L. c. 110 for debts contracted before the original capital has been fully paid in and the certificate of such payment has been filed, because the requirements referred to in that clause do not apply to foreign corporations. Whether the liability imposed on stockholders of domestic corporations by R. L.

c. 110, § 59, cl. 1, for debts contracted before the original capital is fully paid in, in case such stockholders have not paid in full the par value of their shares or have purchased such shares with knowledge of the fact, was intended to apply to stockholders in a foreign corporation doing business in this Commonwealth, and, if so, whether it could be enforced against them, it here was not necessary to consider.

BILL IN EQUITY, filed in the Superior Court on February 20, 1906, by the Standard Asphalt Company, a corporation organized under the laws of the State of New Jersey, in behalf of itself and other creditors, against the Merrimack Paving Company, a corporation organized under the laws of the State of New Jersey and having a usual place of business at Lowell in this Commonwealth, and the president, vice-president, treasurer, secretary and directors of the last named corporation, to enforce the alleged liability of the individual defendants under R. L. c. 126, § 17, and R. L. c. 110, § 58, cl. 6, and to compel them to pay a debt of the defendant corporation to the plaintiff for certain asphalt furnished by it in July, October and November, 1902.

In the Superior Court the case came on to be heard before *Lawton*, J., who reserved it for determination by this court upon the pleadings, a master's report and the exceptions of the plaintiff thereto, such decree to be entered as law and justice might require.

*F. W. Grinnell*, for the plaintiff.

*F. H. Pearson*, defendant, *pro se*.

*J. J. Hogan & W. A. Hogan*, for the defendant Thompson and others.

KNOWLTON, C. J. This bill is brought to charge the individual defendants, as officers of the defendant corporation, for a debt of the corporation due the plaintiff, contracted before the capital stock of the corporation was fully paid in. The corporation was organized under the laws of New Jersey, and the question is whether the liability of officers of domestic corporations for such debts, under the R. L. c. 110, § 58, cl. 6, is extended to officers of foreign corporations by the R. L. c. 126, § 17. The plaintiff relies upon no other ground of liability.

This section makes the officers and members or stockholders of foreign corporations, which have a usual place of business in this Commonwealth, jointly and severally liable for its debts and

contracts, on the same conditions and in the same manner as is provided for domestic corporations by §§ 58 to 68, inclusive, of c. 110, except cl. 4 of said § 58. Clause 6 of § 58 makes the president, directors and treasurer of a domestic corporation liable " for debts contracted before the original capital has been fully paid in and the certificate of such payment has been filed in accordance with the provisions of § 43. There is no provision for the filing of such a certificate by the officers of a foreign corporation, as the provisions of § 43 apply only to domestic corporations. It is, therefore, impossible for the officers of a foreign corporation to file a certificate in accordance with the provisions of § 43." Any argument to the contrary must go upon the ground that the enactment in R. L. c. 126, § 17, as to the liability of officers and stockholders of foreign corporations, through the R. L. c. 110, § 58, cl. 6, makes § 43 of c. 110 applicable to foreign corporations. This would be finding a legislative intent which is not expressed, when there is little to warrant an inference of its existence. Indeed the R. L. c. 126, § 6, which provides for the filing of a certificate by a foreign corporation having a usual place of business in this State, before transacting business here, requires that the certificate shall contain " a statement of the amount of its capital stock, of the amount paid in thereon to its treasurer," etc., thus implying that it may be qualified for the proper transaction of business here before the whole amount of its capital stock is paid in. We are of opinion that the sections relied upon by the plaintiff do not make R. L. c. 110, § 43, applicable to foreign corporations. The provisions of the section show plainly that it was intended to apply only to domestic corporations. The master's report in this case shows that the commissioner of corporations has never received or required from a foreign corporation such a certificate as is prescribed in this section, and no such certificate has ever been offered to him by a foreign corporation.

The provision in § 17 of c. 126 puts upon officers and stockholders of foreign corporations the liabilities mentioned in c. 110, §§ 58 to 68, only so far as these liabilities are of a kind to which such officers and stockholders may be subject, under existing laws. So far as there are provisions in these sections creating liabilities of officers and stockholders of domestic corpo-

rations which are founded on other statutes peculiar to these corporations, they are inapplicable to the officers and stockholders of foreign corporations. This liability, mentioned in cl. 6 of § 58, is not included in the provision of § 17, because it cannot exist as against the officers of a foreign corporation.

The decision in *Heard* v. *Pictorial Press*, 182 Mass. 530, is not pertinent to the question before us. The decision in *Anthony & Scovill Co.* v. *Metropolitan Art Co.* 190 Mass. 35, deals principally with the effect of the exception of cl. 4 of § 58. The court had no occasion' to consider the question whether any of the grounds of liability under R. L. c. 110, §§ 58, 59 were such as would be inapplicable to the officers and stockholders of foreign corporations.

As this bill is brought only to enforce a liability existing under R. L. c. 110, § 58, cl. 6, we have no occasion to consider whether, if proper averments were made and proofs established, the defendants would be liable under the R. L. c. 110, § 59, cl. 1, nor whether a liability of this kind would be enforceable against a stockholder of a foreign corporation.

*Bill dismissed.*