BERGER v. KIRBY et al.

(Court of Civil Appeals of Texas. March 11, 1911. Rehearing Denied April 1, 1911.)

1. MARRIAGE (§ 46*)—EVIDENCE—RECITALS.

Marriage between decedent and plaintiff could not be shown by a recital thereof in application for letters of administration, nor by reference to plaintiff as decedent's wife in appraisers' report, nor by an affidavit by plaintiff.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 74; Dec. Dig. § 46.*]

2. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Any error in excluding documentary evidence was harmless, where it was subsequently admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4200–4206; Dec. Dig. § 1058.*]

3. MARRIAGE (§ 42*)—REPUTATION—PROSTITUTION.

Plaintiff relying on a common-law marriage, defendants could show that the general reputation of the community in which she lived was that of a bawdyhouse reservation, that she had solicited callers, and that she maintained a sign bearing a name other than her claimed husband's.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 70, 78; Dec. Dig. § 42.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in admitting evidence is harmless, where other testimony to the same facts was admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

5. EXECUTORS AND ADMINISTRATORS (§ 29*)—JUDGMENT APPOINTING ADMINISTRATOR—CONCLUSIVENESS—MATTERS NOT IN ISSUE.

A decree appointing an administrator on an application reciting that plaintiff was his surviving wife, and on her renunciation of right to administer, is not conclusive as to existence of the marriage; no issue on that point having been tendered.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 181; Dec. Dig. § 29.*]

6. JUDGMENT (§ 728*) — CONCLUSIVENESS — MATTERS NOT IN ISSUE.

Estoppel of a judgment extends only to points directly, and not to matters incidentally or collaterally, involved.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1258; Dec. Dig. § 728.*]

7. MARRIAGE (§ 52*) — COMMON-LAW MARRIAGE—INSTRUCTIONS.

On an issue of common-law marriage, it was not error to instruct that, if the parties agreed to become husband and wife and lived as such, the marriage was established.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 91; Dec. Dig. § 52.*]

8. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action to recover land on the theory that plaintiff was decedent's common-law wife, any error in excluding evidence of her grief over decedent's death was harmless, where the jury necessarily found that she was not his wife.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4193; Dec. Dig. § 1056.*]

9. EVIDENCE (§ 471*) — CONCLUSIONS — MARRIAGE.

On an issue of common-law marriage, plaintiff's testimony that she married decedent was properly excluded as being a mere conclusion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2173; Dec. Dig. § 471.*]

10. WITNESSES (§ 159*)—COMPETENCY—TRANSACTION WITH DECEDENT.

Under Rev. St. 1895, art. 2302, disqualifying a party to testify against an administrator to transactions with decedent, one cannot testify to a marriage with decedent, where that is an issue against an administrator.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 675; Dec. Dig. § 159.*]

11. TRIAL (§ 48*)—RECEIVING EVIDENCE.

One offering testimony admissible against some, and inadmissible against other, defendants should invoke ruling as to its partial admissibility.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 120; Dec. Dig. § 48;* Evidence, Cent. Dig. § 425.]

12. NEW TRIAL (§§ 104, 102*)—CUMULATIVE EVIDENCE.

A new trial asked for newly discovered evidence is properly refused, where it is cumulative, and it does not appear that the evidence could not have been discovered before the trial by using proper diligence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218–220, 210–214; Dec. Dig. §§ 104, 102.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Mary Berger against M. W. Kirby, administrator, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Parks, Patton & Plowman, Etheridge & McCormick, and Thomas & Rhea, for appellant. J. E. Thomas, Ed. Sewell, and Barry Miller, for appellees.

TALBOT, J. A. Berger died intestate in the county of Dallas, state of Texas on the 24th day of January, 1907, and left surviving him one brother of the full blood, C. H. Berger, who resides in Dallas county, Tex., and three brothers of the half blood, viz., Joseph Bergerman, Mardke Bergerman, Pincus Bergerman, and Mary Berger, who is alleged to be the common-law wife of A. Berger, who resides in Dallas county, Tex. A. Berger's real estate at the time he died consisted of various tracts, described in plaintiff's fourth amended original petition, some leasehold property on Jackson and Austin streets, in the city of Dallas, and some personal effects. On February 2, 1907, Alex Sanger applied to the county court of Dallas county for letters of administration on Berger's estate, and was by the court appointed temporary administrator. Pending the temporary administration, Sanger filed an application to be appointed permanent administrator, and attached a waiver from C. H. Berger, as next of kin, waiving his right to administer on the estate in favor of Sanger. Before appearance day, at which his application would be heard in the county court, M. W. Kirby filed an application to be appointed permanent administrator, and attached to his application a waiver from Mary Berger, alleging that she was the common-law wife of A. Berger; both parties alleging an administration was necessary, and alleging the property to be worth approximately $40,000. The case was set for trial in the probate court on the 13th day of March, 1907, and prior to the calling of said case James A. Smith purchased from C. H. Berger and from Mary Berger their interests in the estate, paying them a valuable consideration, and agreeing to assume and pay off the indebtedness against said estate, which was approximately $19,000. The deed from Mary Berger to James A. Smith was dated March 13, 1907, and recited a consideration of $2,000. The case was called and Alex Sanger, through his attorney, withdrew his application to be appointed permanent administrator, upon the ground that C. H. Berger had sold his interest to James A. Smith. The court held that an administration was necessary and appointed M. W. Kirby as administrator, who qualified by giving bond in the sum of $70,000, with American Bonding Company of Balti-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

more, Md., as surety. Kirby's administration continued uninterrupted until July 7, 1907, when Mary Berger filed a bill of review in the probate court, requesting that the appointment be set aside, and simultaneously filed a suit in the Forty-Fourth district court of Dallas county to recover all the property described in plaintiff's fourth amended, original petition. She alleged in her bill of review that the court was without jurisdiction to appoint an administrator of the estate of A. Berger; that there was no necessity for such administration; that the statements made in the application for permanent administration upon said estate, to the effect that there was a necessity therefor, were wholly untrue. She alleged in her petition in the district court substantially the same facts, and in addition thereto that the said A. Berger died intestate, without issue, leaving plaintiff as his wife; that Berger left no separate property; that the property in controversy was community property of herself and the said Berger, and that she had been defrauded in her sale of the property to Smith. Upon the trial of the bill of review in the probate court, judgment was rendered against her, and thereupon an appeal was taken from the probate court to the district court of Dallas county, Tex., and upon motion of defendants this cause was consolidated with the original district court case. M. W. Kirby died in March, 1908, and James A. Smith was appointed administrator de bonis non of A. Berger's estate in March, 1908.

On July 23, 1909, the plaintiff filed her fourth amended, original petition, suing H. L. Edwards, H. Lynne Kauozouris, a feme sole, Robert Ralston, individually and as trustee, J. E. Thomas, T. E. Sewell, J. B. Adoue, James A. Smith. and his wife, M. M. Smith, H. J. Johnson, Joseph Bergerman, Pincus Bergerman, the American Bonding Company of Baltimore, Md., the Bond & Guaranty Company, C. H. Berger, James A. Smith, individually and as administrator de bonis non of the estate of A. Berger, deceased, and Mollie D. Kirby, individually and as the administratrix of the estate of M. W. Kirby, deceased. In her said fourth amended original petition appellant alleged, among other things, that she was, and for more than 15 years had been, the lawful wife of the said A. Berger; that the said Berger left no child or children and no separate property; that no administration upon said Berger's estate was necessary, and the county court of Dallas county had no jurisdiction to entertain administration proceedings concerning the same; that appellant is a Mexican woman, illiterate, and with little or no familiarity with the English language; that on March 13, 1907, the date of the execution of the deed made by her to the defendant for the lands in controversy, she was entirely ignorant of the values of said properties; that being ignorant in the premises, and being greatly distressed and borne down by grief

on account of the death of her said husband, and laboring under the necessity of consulting counsel, she employed the defendants J. E. Thomas and T. E. Sewell, who were then partners in the practice of law in the city of Dallas, under the firm name of Thomas & Sewell, to advise her and to attend to such legal business as might arise concerning her affairs; that her said attorneys and the defendants James A. Smith and M. W. Kirby conspired together to bring about and consummate the execution and delivery of said deed; that in pursuance of such purpose and design the said Thomas & Sewell falsely represented to appellant that the several tracts of land described in said deed were of small value; that they were largely incumbered, and unless she would accept the sum of $2,-000 offered her she would doubtless never get anything; that, relying upon the representations of her said attorneys and believing them to be true, and being totally ignorant of the relations then existing between her said attorneys and the said Smith and Kirby, appellant did, so induced, execute said deed for the said sum of $2,000.

Appellant further alleged that the lands described in said deed were at the date thereof of the reasonable market value of $60,000; that the said sum of $2,000 which she was induced to accept for her conveyance of said lands was a grossly inadequate consideration for the same, and the manner in which said deed was acquired was unconscionable and fraud upon her rights; that immediately after the defendant Smith, acting in concert with the said M. W. Kirby, who was his partner in business, and her attorneys obtained said deed from appellant, her said attorneys, Thomas & Sewell, became and were the attorneys of the said M. W. Kirby, who then was pretendedly acting as the administrator of the estate of the said A. Berger, deceased, and ever since said time have been the attorneys of the said Kirby, and they and the said Kirby have been working in concert with the defendant James A. Smith; that such relation was contemplated at the time said deed was obtained from appellant; that said Kirby, acting through the defendants Thomas & Sewell as his attorneys, did file and present to the county court of Dallas county an application to sell all of the lands belonging to the estate of the said Berger, deceased, at private sale for cash; that, among other things, it was stated in said application that the probable cost of administration, including court costs, and other legal expenses, would in all probability be $2,-000. Appellant further alleged that her said attorneys, Thomas & Sewell, anticipated and expected to receive in some manner the sum of $2,000, or some other large sum of money, from the proceeds of the lands of the plaintiff through the instrumentality of the said Kirby, and that such anticipation on the part of her said attorneys, existing at the time they influenced her to make her said deed

to the defendant Smith, caused them to exert the necessary pressure upon appellant to secure the execution and delivery by her of the said deed in opposition to her just and lawful rights in the premises.

By a trial amendment appellant alleged: "On March 13, 1907, and at and before the time when the defendant J. A. Smith procured for a pittance of $2,000 the purported deed from plaintiff to him of that date, he, the said defendant J. A. Smith, and the said defendants Thomas & Sewell, then and there, and without the knowledge and consent of this plaintiff, unlawfully entered into an agreement whereby they, the said defendants J. A. Smith and Thomas & Sewell, covenanted with each other, in effect, to divide the profit which said defendant Smith should make out of plaintiff's aforesaid property; that said agreement rested in parol up until March 21, 1907, when same was reduced to writing, and executed by said defendant wholly unawares to plaintiff." A true copy of said agreement of date March 21, 1907, is attached to and made a part of plaintiff's trial amendment and her said fourth amended, original petition.

Appellant further alleged in her fourth amended petition that, notwithstanding the application of M. W. Kirby to sell the lands of the Berger estate was wholly barren of averment of any state of facts authorizing said lands or any of them to be sold, and notwithstanding the claims proved up and allowed only aggregated $2,580.90, and notwithstanding the appraisers appointed by the court reported said lands to be worth $37,500, yet the county court of Dallas county ordered said lands sold at private sale, and the same, or the larger part thereof, were pretendedly sold by the said administrator, Kirby, to his then partner, the defendant James A. Smith for a sum far less than the real value of said property, and the said Kirby pretendedly, as the administrator of the estate of the said A. Berger, executed to the said defendant James A. Smith and to Mrs. M. M. Smith, his wife, a deed to said lands, or to a part thereof; that no cash, or any other thing of value whatever, was paid or intended to be paid; that said deed or deeds was or were a mere link in the chain of the consummation of the wrongs and frauds perpetrated upon the appellant.

The appellant tendered the $2,000 received by her as a consideration for her deed to the defendant James A. Smith, with interest thereon, for such defendant as the court might determine was entitled thereto, and prayed that said deed be canceled, and that she have judgment for the lands described in her petition, for rents, etc., and that the administration upon the estate of the said A. Berger, deceased, be declared void and vacated; that the sale from Kirby, pretending to act as administrator of said estate, to defendant and his wife be vacated, set side, and held for naught; that the defend-

ant Mollie D. Kirby, both individually and as administratrix of the estate of M. W. Kirby, deceased, be taxed with all costs, disbursements, expenditures, etc., brought about by the instrumentality of said administration proceedings; that the pretended deed from the defendant James A. Smith to the defendants Grant and Kauozouris be set aside, and that all other deeds, deeds of trust, and mortgages affecting the lands in controversy be vacated and set aside. Prior to the day of trial James A. Smith purchased the interest of the defendants Joseph Bergerman, Mardke Bergerman, and each of them, and C. H. Berger filed disclaimers. During the trial of the case, and before a verdict was reached, the plaintiff dismissed her suit as to H. J. Johnson, the American Bonding Company of Baltimore, Md., the Bond & Guaranty Company, J. B. Adoue, Joseph Bergerman, Mardke Bergerman, Pincus Bergerman, and C. H. Berger, and the plaintiff, and the remaining defendants agreed to a verdict in favor of H. L. Edwards as to the notes executed June 6, 1907, payable to W. A. Dyckman. The other defendants pleaded a general demurrer and general denial. They also specially denied that the appellant was ever the wife of A. Berger, deceased, either by contract under the common law or by a ceremonial marriage under the statute of this state. They allege that the said A. Berger was lawfully married to one Mary Ramavez, who died in the spring of the year 1901; that the appellant, at that time and until after the death of the said A. Berger, was a common prostitute with whom the said A. Berger sometimes cohabited, but to whom he was never married in any way. By other appropriate averments of matters of defense, issue was joined with the plaintiff on all matters set up in her petition as grounds for a recovery. A trial before a jury resulted in a verdict and judgment for the defendants, and the plaintiff appealed.

[1] The assignments of error from the first to the ninth, inclusive, complain of the trial court's action in rejecting and admitting certain evidence. Neither of these assignments disclose any such error as requires a reversal of the case. We think that neither the recitation in the application of M. W. Kirby for letters of administration upon the estate of A. Berger, deceased, to the effect that the said Berger "left surviving him a wife, to wit, Mary Berger," nor the reference to her in the report of the appraisers of said estate as the wife of the said A. Berger, nor the statement of the plaintiff, Mary Berger, in the affidavit made by her on the 13th day of March, 1907, to the effect that she was the wife of said A. Berger, was competent testimony to be considered by the jury in determining the issue as to whether or not the relation of husband and wife existed between the plaintiff and the said A. Berger at the time of his death. More than one

good reason might be given, perhaps, why this testimony was not admissible; [2] but if it would be admitted that the court's ruling of which complaint is made, was error, the same was cured by the subsequent introduction of the instruments referred to in their entirety, without any restriction whatever of the consideration of their respective contents by the jury. The plaintiff having introduced testimony tending to show a common-law marriage between herself and A. Berger, which was disputed by the defendants, the oral testimony complained of in the fourth assignment was admissible as tending to show that the said Berger simply lived or cohabited with the plaintiff as his mistress and not as his wife.. As to the other oral testimony admitted and complained of in the assignments under consideration, it is sufficient to say that the objections to it are without merit, or that if any of it was inadmissible, plaintiff suffered no substantial injury by its admission.

[3] The fourteenth assignment of error is as follows: "The court erred in allowing the defendants to prove by the defendant Thomas that the general reputation of the community in which plaintiff lived was that of a reservation; that he had seen plaintiff soliciting numbers to come to her room; and that after she moved he saw a sign on her house 'Mary Chabees.'" The court did not err in admitting this testimony. Where a common-law marriage is sought to be proven, the character of the woman and her general reputation for chastity is a legitimate inquiry. [4] However, testimony of the same character and purport was introduced without objection, and the same rendered the testimony herein complained of harmless, or constituted a waiver of the appellant's right to complain of its admission.

[5] It is assigned that the trial court erred in refusing plaintiff a new trial, because the decree of the county court appointing M. W. Kirby administrator of the estate of A. Berger, deceased, adjudicated the fact that plaintiff was the wife of said Berger, and, all parties herein being bound by said adjudication, the court should have so instructed the jury. This contention is based upon the fact that, in his application for letters of administration upon the estate of the said Berger, M. W. Kirby alleged that "A. Berger left surviving him a wife, to wit, Mary Berger, the plaintiff in this suit, who is the next of kin and by law entitled to the administration of said estate," and the further fact that said application was accompanied with a written renunciation on the part of plaintiff herein of her right to administer on said estate, in which she declares herself to be the wife of the said A. Berger. We are of the opinion the assignment should not be sustained. The issue of whether the appellant was the lawful wife of A. Berger was neither tendered by the application of M. W. Kirby to which we have referred, nor was the issue necessarily involved in the decision of the court in passing upon said application. The status of the appellant as the wife of A. Berger was not therefore adjudicated and fixed by the judgment of the county court. [6] As admitted by counsel for the appellant, the rule is that "the estoppel of a judgment extends only to the points directly involved in the action decided, and not to any matter which was only incidentally cognizable, or which came collaterally in question." This is true, even though the matter coming collaterally in question may have been judicially passed on. 23 Cyc. p. 1309. At most, the question as to whether or not the appellant was the wife of the said A. Berger was only incidentally cognizable before the county court, and whatever adjudication there may have been in reference thereto was merely collateral and incidental, and not conclusive.

[7] The court charged the jury as follows: "A common-law marriage is valid in this state, and the issuance of a license or a marriage ceremony is not necessary to constitute a common-law marriage. A common-law marriage exists when a man and woman enter into an agreement to become husband and wife, and in pursuance of such agreement do live together and cohabit as husband and wife, and hold each other out to the public as husband and wife. Such agreement to become husband and wife may be express or implied; an express agreement is where the parties thereto expressly agree, and an implied agreement is one where the conduct of the parties, with reference to the subject-matter, is such as to induce the belief in the minds of the contracting parties that they intended to do that which their acts indicate they have done. If you believe from a preponderance of the evidence that the plaintiff, Mary Berger, and the deceased, A. Berger, agreed to become husband and wife, as is claimed by the plaintiff, and that in pursuance of such agreement they lived together and cohabited as husband and wife, you will find that the plaintiff was the wife .of A. Berger, deceased. If you fail to find under the preceding clause that the plaintiff was the common-law wife of A. Berger, deceased, then you are instructed that you need proceed no further,. but you will return your verdict for the defendants." This charge is objected to on the ground that it not only required the jury to find, before they would be authorized to return a verdict for the plaintiff, that the plaintiff, Mary Berger, and the deceased, A. Berger, agreed to become husband and wife, but also that they, in pursuance of such agreement, lived together and cohabited as husband and wife, and held themselves out to the public as such.

If it be conceded that "it requires only the agreement of the man and woman to become then and thenceforth husband and wife," to constitute a valid marriage according to the common law, still we think the case should

not be reversed because of the charge under consideration. The charge was not affirmatively erroneous, and nothing appears which indicates that the jury was misled by it. It enunciated a correct legal proposition, and if appellant entertained the view that, in order to establish the existence of a marriage between herself and A. Berger, it was only necessary for her to prove that they consented or agreed presently to become husband and wife, a charge to that effect should have been asked. Railway Co. v. Wood, 69 Tex. 679, 7 S. W. 372; Railway Co. v. Brown, 78 Tex. 402, 14 S. W. 1034; Railway v. Hill, 95 Tex. 629, 69 S. W. 136. Again, we think the charge in conformity with the proof and a proper application of the law to the facts in this case. There is no direct proof that appellant and A. Berger ever agreed· or consented to take each other as husband and wife. The only evidence of such an agreement, or of any marriage whatever, is some declarations of the said A. Berger to two or three persons that appellant was his wife, and cohabitation with each other as man and wife. This recognition and cohabitation is relied on solely as proof of the marriage claimed, and it occurs to us that a charge under such proof, to the effect that, if appellant and the said Berger agreed to become husband and wife and in pursuance of such agreement lived and cohabited as husband and wife, the same was sufficient to establish a marriage between them, is, to say the least of it, not materially erroneous.

[8] Appellant's twenty-first assignment is that the court erred in refusing to allow the plaintiff to prove by the witnesses, Mary Hamilton and Ella Kinchen, how the death of A. Berger affected the plaintiff. This testimony was not offered in support of the appellant's claim that she was the wife of A. Berger at the date of his death. The only proposition presented under the assignment is as follows: "It having been alleged in the plaintiff's petition as grounds for setting aside and canceling the deed of date March 13, 1907, executed by, the plaintiff to the defendant James A. Smith to the land in controversy, that the consideration therefor was grossly inadequate and that the plaintiff was borne down by grief and sorrow because of the recent death of her husband at the time she executed the same, and it being the law that, while inadequacy of consideration alone will not be a sufficient reason for setting aside and canceling a deed, inadequacy of consideration and a showing in connection therewith that the plaintiff was borne down by grief by reason of the recent death of her husband at the time of the execution of the deed will, in law, constitute good and valid grounds for setting aside and canceling such deed, the court erred in not admitting said testimony." Conceding that such testimony, ordinarily, would be admissible in a case of this character for the purpose offered, still we think, in view of the evidence in this case, the court did not err.in excluding it. We are of opinion that the overwhelming preponderance and great weight of the evidence so clearly establishes that the appellant was a common prostitute and lived with A. Berger only as his mistress that, had the jury found to the contrary, it would have been the duty of this court to set aside such finding. If, therefore, the evidence was insufficient to warrant a finding that appellant was the wife of Berger, then in no event was she entitled to recover, and the exclusion of the testimony in question becomes immaterial.

[9] Nor did the court err in excluding the testimony of the plaintiff, "to the effect that about four days after the death of Berger's former wife, she, the plaintiff, married Berger." There is no pretense that appellant and A. Berger married in accordance with the statutory regulations on that subject in this state. Appellant simply endeavored to establish a "common-law marriage" by recognition on the part of Berger of the relationship of husband and wife between himself and appellant, and by showing that they lived together and cohabited as husband and wife. Whether this recognition and cohabitation was of such a character as to show such a marriage, was a question of fact, which would not be established by the mere opinion and conclusion of the appellant upon the subject; and, as there was no claim of a marriage by ceremony under the·statute, had the court permitted the appellant to state, as was sought, that four days after the death of a former wife of A. Berger she married the said Berger, such statement would have been but the expression of the opinion and conclusion of the witness and clearly inadmissible. [10] Besides some of the defendants were sued as administrators, and if the testimony tended to prove any fact it was one of a transaction between the appellant and the deceased Berger, and under article 2302 of the Revised Statutes of 1895 the proposed testimony was not admissible against the administrators as such. It was, however, offered to be ·considered against those so sued in their representative capacity, as well as against those not so sued, and as so offered the court ruled upon the objections made to its introduction. [11] If the appellant desired to introduce this testimony only against those defendants not sued as administrators, or against those so sued, not to be considered against them in their representative capacity, it should have been so stated to the court, and the court's ruling upon its admissibility to be so considered by the jury invoked.

[12] A new trial on account of the alleged newly discovered evidence was properly refused. The evidence was cumulative, and it does not appear that it could not have been discovered before the trial by the exercise of proper diligence. Scranton v. Tilley, 16 Tex. 183; Conwill v. Railway Co., 85 Tex.

96, 19 S. W. 1017; Pelly v. Denison & S. Ry. Co., 78 S. W. 542. It has also been held "that the granting or refusing of a new trial on the ground of newly discovered evidence is to a great extent in the discretion of the trial judge, and his refusal will not be revised by an appellate court, unless it appears that such discretion has not been exercised according to the established rules of law." Mitchell v. Bass, 26 Tex. 372. We do not feel authorized to say that the trial judge abused his discretion in this case.

We have carefully considered the assignments of error not discussed. Some of them have been disposed of adversely to the contention of appellant in the disposition made of assignments presenting the same question which have been discussed, and those not so disposed of disclose no reversible error.

The judgment of the court below is affirmed.