MISSOURI, K. & T. RY. CO. OF TEXAS v. WASHBURN. (No. 5514.)*

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1916. Rehearing Denied March 8, 1916.)

1. APPEAL AND ERROR ☞739 — ASSIGNMENT OF ERROR — GROUPING REFUSAL TO GIVE SEVERAL PEREMPTORY CHARGES.

An assignment of error is not objectionable in that it groups four separate requests for peremptory charges which the court refused, the four requests having been made upon different reasons, since, it not being incumbent on the court to assign any reasons in giving a peremptory charge, such four charges were in legal effect but a single request.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. ☞739.]

2. APPEAL AND ERROR ☞719(8) — ASSIGNMENT OF ERRORS—FINDINGS—JUDGMENT.

Where, in a personal injury case by an employé against a railroad, there were findings of fact by the jury establishing plaintiff's injury through the negligence of defendant and without contributory negligence, and there was no assignment of error that the findings were not supported by the evidence which strongly tended to so support, the findings will be adopted on appeal as the facts in the case, requiring affirmance of judgment for plaintiff in the absence of any error of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2976, 2977, 3490; Dec. Dig. ☞719(8).]

3. TRIAL ☞139(1)—PERSONAL INJURY—EVIDENCE—PEREMPTORY CHARGE—REFUSAL.

Where in such case there was evidence sufficient to raise the issue of defendant's negligence, it was not error to refuse peremptory charges requested by defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332–334, 338–341; Dec. Dig. ☞139(1).]

**4. NEGLIGENCE ☞101—COMPARATIVE NEGLIGENCE—INJURIES TO SERVANT.**

In an action by the servant against his master for injuries received through the master's negligence, contributory negligence is not a complete defense to the action under the statutes, but only reduces the damages in proportion to such contributory negligence. Vernon's Sayles' Stat. art. 6649.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. ☞ 101.]

**5. APPEAL AND ERROR ☞664(4)—EVIDENCE—EXCLUDING CUSTOM — STATEMENT OF FACT CONFLICTING WITH BILL OF EXCEPTIONS.**

Where error was assigned on the refusal of the court to allow a witness to testify whether defendant railroad had a custom of allowing its men to work between and under cars, and the bill of exceptions showed that the witness would have testified that there was no such custom, but the statement of facts showed that the witness did so answer, the statement of facts will control.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2859; Dec. Dig. ☞664(4).]

**6. TRIAL ☞85 — RECEPTION OF EVIDENCE — PARTLY INCOMPETENT EVIDENCE—GENERAL OBJECTION.**

The admission of evidence partly admissible and partly inadmissible, over an objection to such evidence as a whole is not reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222–225; Dec. Dig. ☞85.]

**7. TRIAL ☞85—EVIDENCE PARTLY INCOMPETENT—EXCLUSION.**

Where, in an employé's personal injury case against a railroad, the defendant offered in evidence a written statement made by an employé shortly after the injury occurred, a small part of which was admissible while part was clearly inadmissible, it was not error to exclude such evidence on objection thereto, since it is not the duty of the court or the opposing side to separate the competent from the incompetent evidence upon an objection to the offer.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222–225; Dec. Dig. ☞85.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by W. E. Washburn against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Chas. C. Huff, of Dallas, Spell & Sanford, of Waco, and Walter Collins, of Hillsboro, for appellant. Roy & Young, of Ft. Worth, Shurtleff & Cummings, of Hillsboro, and Ramsey, Black & Ramsey, of Austin, for appellee.

JENKINS, J. Appellee was a member of a labor crew of appellant, known as the "signal gang." While crossing from one side of the track to the other, there was a slight movement of the train and his knee was caught between the drawheads, by reason of which he suffered the injury complained of. The case was tried before a jury on special issues, and judgment was rendered for appellee.

[1] Appellee objects to our considering appellant's first assignment of error, for the reason that the same complains of the refusal of the court to give four different special charges. We overruled this objection for the reason that each of these special charges is a peremptory charge to find for the defendant, each giving a separate reason for such charge, and therefore they are properly embraced in one proposition. Had the court seen proper to peremptorily instruct the jury to return a verdict for appellant, while it would have been proper for the court to state his reasons therefor, it was not incumbent upon the court to do so, and therefore these four special requested charges, in legal effect, amount to but one requested charge, and that is to instruct the jury to return a verdict for the defendant.

[2] The issues submitted to the jury and their findings thereon are as follows:

"(1) Was it the custom of the employés of the defendant, such as plaintiff was, after being ordered by the foreman to go to work, to go between the cars in the manner that plaintiff went between the same at the time he was injured? A. Yes.

"(2) Was it the custom of the defendant to have its engine disconnected from its cars before ordering its employés, such as plaintiff was, to do work about said cars? A. Yes.

"(3) Was the defendant's engine disconnected from the string of cars in which the flat car in question was situated at the time plaintiff was ordered to go to work? A. No.

"(4) If you have found that the engine was not disconnected at the time the plaintiff was ordered to go to work, then was the act of the foreman in ordering the plaintiff to work under said conditions negligence? A. Yes.

"(5) If you have found that such act was negligence, then was such negligence the proximate cause of the plaintiff's injury? A. Yes.

"(6) At the time the plaintiff was injured, if he was, did the defendant's agents and servants cause an engine to be moved against said car and injure plaintiff's knee, as alleged? A. Yes.

"(7) If you have found that the defendant's agents and servants caused an engine to move said cars, then was such act, if any, upon their part, negligence? A. Yes.

"(8) If the defendant's agents and servants did cause an engine to move said cars, and if the same was negligence, was such negligence a proximate cause of plaintiff's injury? A. Yes.

"(9) Was the plaintiff guilty of negligence in going between said cars at the time and under the circumstances that he did? A. No.

"(10) If the plaintiff was guilty of negligence in going between said cars, was such negligence a proximate cause of the injury? A. No."

The court also submitted to the jury the amount of damages suffered by appellee, and judgment of the court was entered in accordance with their finding thereon.

There is no assignment that the findings of the jury, nor any of them, are not supported by the evidence. There is evidence which, to say the least of it, strongly tends to support the finding of the jury on each of said issues, and hence we adopt said findings as the facts of this case; for which reason the judgment of the trial court should be affirmed, unless the court committed some error of law in the trial thereof.

[3, 4] The evidence being sufficient to raise

the issue of negligence, as alleged by appellee, the court did not err in refusing peremptory charges, as requested by appellant, for which reason we overrule the first assignment of error. Said assignment, in so far as it relates to requested charges Nos. 1 and 4, is overruled because they instructed the jury to return a verdict for the defendant if the plaintiff was guilty of contributory negligence. Contributory negligence is not, under the statutes of this state, an absolute defense, in cases of this character, but only reduces the damages in proportion to such negligence. Article 6649, Vernon's Sayles' Stats.; Freeman v. Kennerly, 151 S. W. 580; Railway Co. v. Keeran, 149 S. W. 355.

[5] The second assignment of error relates to the ruling of the court in not permitting the witness Will Calmbach to answer the following question:

"Do you know whether there is or is not such a custom of the railroad company as for men to perform their work by going between the cars and under the cars? Is there such a custom by the railroad company?"

The bill of exception shows that if the witness had been permitted to answer he would have testified that there was no such custom of the railroad company in existence at any time. The statement of facts shows that the witness did answer this exact question in the manner indicated by the bill of exceptions. There being a conflict between the statement of facts and bill of exceptions, the statement of facts will control. Railway Co. v. O'Malley, 18 Tex. Civ. App. 200, 45 S. W. 226; Ramsey v. Hurley, 72 Tex. 200, 12 S. W. 56; Railway Co. v. Moore, 28 Tex. Civ. App. 603, 68 S. W. 562; Railway Co. v. Oliver, 159 S. W. 856.

[6, 7] The third assignment of error is as follows:

"The court erred in sustaining and not overruling plaintiff's objection to the offer on the part of defendant to introduce as evidence for the jury's consideration a statement made by said witness Massingill, and about which the said witness Massingill had testified in response to questions propounded him on cross-examination by plaintiff, as is more fully shown by bill of exception No. 20."

It is true that where evidence is admitted over an objection to the same as a whole, a part of such evidence being admissible and a part not, no reversible error is committed. Houston Chronicle v. McDavid, 157 S. W. 223; Compress Co. v. Railway Co., 18 Tex. Civ. App. 622, 45 S. W. 968; Railway Co. v. Gormley, 91 Tex. 393, 43 S. W. 880, 66 Am. St. Rep. 894; Wells v. Hobbs, 57 Tex. Civ. App. 375, 122 S. W. 453; Railway Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 718; Railway Co. v. Frazier, 87 S. W. 400; Wandelohr v. Bank, 106 S. W. 416; Tuttle v. Moody, 100 Tex.

241, 97 S. W. 1037; Furniture Co. v. Henry, 67 S. W. 341; Railway Co. v. Hall, 31 Tex. Civ. App. 464, 72 S. W. 1053; Dolan v. Meehan, 80 S. W. 101; Moore v. Bank, 38 U. S. (13 Pet.) 302, 10 L. Ed. 176. But it is equally well settled that where evidence is offered as a whole, only a part of which is admissible, the court does not commit error in sustaining an objection to such testimony. In such case it is not the duty of the court nor of the party objecting to the same to separate the admissible from the inadmissible. Cole v. Horton, 61 S. W. 504; Hill v. Taylor, 77 Tex. 300, 14 S. W. 366; Colorado County v. Travis County, 176 S. W. 845; Robinson v. Stuart, 73 Tex. 270, 11 S. W. 275; O'Brien v. Hillburn, 22 Tex. 624; Berger v. Kirby, 135 S. W. 1122; Insurance Co. v. Good, 25 Colo. App. 204, 136 Pac. 825; Allen v. Insurance Co., 163 Iowa, 217, 143 N. W. 579, 48 L. R. A. (N. S.) 600; Ickes v. Ickes, 237 Pa. 582, 85 Atl. 889, 44 L. R. A. (N. S.) 1118; Jose v. Hunter (Ind. App.) 103 N. E. 398; Mining Co. v. Melzner, 48 Mont. 174, 136 Pac. 45; Railway Co. v. Dilburn, 178 Ala. 600, 59 South. 440; Hart v. Brierley, 189 Mass. 598, 76 N. E. 289; Gardner v. Barden, 34 N. Y. 438; Abbotts Civ. Jury Trials, pp. 300, 301; Elliott on App. Pro. § 745; Thompson on Trials, § 678. We quote from Elliott, supra, as follows:

"The court is under no duty to dissect an offer of evidence, and separate the competent from the incompetent. If a party offers evidence composed of proper and improper elements, the entire offer may be rightfully rejected. The only offer upon which error can be successfully alleged is one wherein no incompetent evidence is contained."

As will appear from an examination of the above authorities, this text is sustained by the decisions in this and other states.

The evidence objected to was a written statement made to appellant by an employé shortly after the injury occurred. It was objected to on the ground that it was hearsay and immaterial. The court sustained the objection. A small part of this statement was admissible in explanation of the testimony of the witness on cross-examination; the most of it was clearly inadmissible for any purpose. The appellant made no statement of the purpose for which the statement was offered, and did not offer that part of the same which would have been admissible, disconnected from the other part.

The remaining assignments of error, relating to the remarks of counsel for appellee and the amount of the verdict, are without merit.

For the reasons stated, our previous opinion herein is withdrawn, the motion for rehearing is granted, and the judgment of the trial court is affirmed.

Affirmed.