tempt to commit burglary, while it was indorsed only "indictment for burglary," would be no ground to quash the indictment nor render the indictment void.

The judgment is affirmed.

## On Motion for Rehearing

On a former day of this term this case was affirmed. Appellant has filed a motion for a rehearing, in which he calls our attention to the fact that we did not pass on bill of exception No. 17. The judge who tried the case specifically declined to approve the bill as drawn in notations at the bottom, and does not certify to the facts. For this reason we did not deem it necessary to do so. However, as appellant insists that we treat the bill, it is to remarks of the district attorney.

[15] Appellant neither presented nor asked any charge in regard thereto; no request was made of the court to instruct the jury not to consider such remarks, if made; and as thus presented it would present no error. Pennington v. State, 48 S. W. 507; Spencer v. State, 34 Tex. Cr. R. 65, 29 S. W. 159; Barber v. State, 35 Tex. Cr. R. 70, 31 S. W. 649, and cases cited in Buckley's Digest, Argument of Counsel, subdivisions 171 and 170.

Appellant also complains of the action of this court in holding him bound by the qualifications of the judge to his bills. This has been the unbroken rule of decision in this court. See section 861, White's Ann. Code of Criminal Procedure. If he did not wish to be bound by the qualification of the judge, his remedy is plainly pointed out in Blain v. State, 34 Tex. Cr. R. 448, 31 S. W. 368.

The motion for rehearing is overruled.

---

## WASHINGTON v. STATE.

(Court of Criminal Appeals of Texas. May 1, 1912.)

1. CRIMINAL LAW (§ 1160*)—VERDICT—REVIEW.

A conviction sustained by evidence and approved by the trial court will not be disturbed on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3084; Dec. Dig. § 1160.*]

2. CRIMINAL LAW (§ 1144*) — MOTION TO QUASH SPECIAL VENIRE — RULINGS — REVIEW.

Where the record showed that the trial court heard evidence on motions to quash the grand jury venire on specified grounds, and overruled them, and a purported statement of the evidence, not agreed to by the attorneys nor approved by the court, was filed after the adjournment of the term, the court on appeal could not review the ruling, but must assume that the trial court found in accordance with the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. § 1144.*]

3. CRIMINAL LAW (§ 1144*)—QUESTIONS REVIEWABLE—BILL OF EXCEPTIONS.

A bill of exceptions, which shows that accused announced that he was not ready to go to trial, because he had not been served for at least one full day with a properly certified copy of the indictment, and that the court ordered him to trial, to which he excepted, does not show as a fact that he had not been properly served with the indictment, and the court on appeal must assume that the trial court found, as a matter of fact, that accused had been properly served, in view of the fact that the indictment was returned and filed November 6th, and the case was not called for trial until November 14th following.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. § 1144.*]

4. WITNESSES (§ 255*) — EVIDENCE — MEMORANDA—USE TO REFRESH RECOLLECTION.

A witness may use, to refresh his recollection, an original memorandum or a copy thereof.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

5. CRIMINAL LAW (§ 1091*) — RULINGS ON EVIDENCE—BILL OF EXCEPTIONS.

A bill of exceptions, which shows that, while the state was making out its case, it introduced witnesses to contradict the voluntary statement by accused on his examining trial, does not show error in the admission of such testimony, where it does not give the voluntary statement nor the testimony to contradict it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. § 1091.*]

6. CRIMINAL LAW (§ 722*) — ARGUMENT OF COUNSEL.

Where the state introduced in evidence the clothes worn by accused at the time of the killing of decedent, and they were bloody, and the state claimed that the blood was that of decedent, and accused refused to put on the clothes during the trial, though requested so to do by the state's attorney, the argument of the state's attorney, commenting on the refusal of accused to put on the clothes, was not improper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1674; Dec. Dig. § 722.*]

7. CRIMINAL LAW (§ 1186*)—EVIDENCE—INSTRUCTIONS.

Where the undisputed evidence showed that decedent was killed by blows on his head with a stone, as charged in the indictment, in which was another count, charging the killing while accused was unlawfully engaged in committing a robbery, an instruction, reciting the charging part of the two counts, without limiting the jury to either, was not prejudicial to accused, within Code Cr. Proc. 1911, art. 743.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3219; Dec. Dig. § 1186.*]

Appeal from District Court, Lavaca County; Arthur P. Bagby, Special Judge.

George Washington, alias George Foley, was convicted of murder, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was indicted for the murder of Frank Kubena, charged to have been committed September 20, 1911.

---

There are two counts in the indictment. By the first, he is properly charged with killing deceased by "striking, bruising, and lacerating the head and temple of him, the said Frank Kubena, with a large and heavy stone, and by then and there using other means and instruments upon him, the said Frank Kubena, which said means and instruments are to these grand jurors unknown." The other count charges the killing precisely the same way as the first, but says that appellant killed the deceased while he (appellant) "was unlawfully engaged in the perpetration of robbery." The jury found him guilty of murder in the first degree, and fixed his punishment at life imprisonment.

The statement of facts is lengthy, comprising 136 pages of typewriting.

[1] Appellant contends that the evidence is insufficient to sustain the verdict. It would serve no useful purpose, and therefore it is unnecessary, to give a detailed statement of the evidence. We have carefully read and considered it all; and it is our opinion that the evidence is not only ample and full to sustain the conviction, but, while circumstantial it is very satisfactory to us, and shows that the jury was clearly justified thereby in convicting the appellant. Besides, the court and jury below heard it all, saw the witnesses and their manner of testifying, and the jury, finding him guilty beyond a reasonable doubt, and the lower court sustaining the conviction, under the circumstances, we cannot disturb the verdict.

The appellant made a motion to quash the indictment, alleging race prejudice in the selection of the grand jury and in his indictment, alleging that he was a negro, charged with killing a white man.

[2] Appellant also made a motion to quash the special venire on the same grounds, and also on the ground that the special venire was not drawn for that term of court, but for a previous term. The court, as the record clearly shows, heard evidence on both of these motions, and, after hearing the evidence, overruled them. The record shows no statement of facts whatever on the subject; but there appears with the file in this court what, perhaps, was intended to show the testimony that was introduced on these motions, but this appears not to have been agreed to by the attorneys in the case, nor approved by the court. The court adjourned for the term on November 21, 1911. This paper was filed in the court below, as shown by the file mark of the clerk of the court below, on December 9, 1911, and in this court on December 23, 1911. Under the circumstances, it is the well-established law of this state that such a statement cannot be considered by this court for any purpose. Probest v. State, 60 Tex. Cr. R. 608, 133 S. W. 263, and authorities therein cited. We must assume that the judge, after hearing the evidence, found in accordance therewith; and that his judgment, overruling these motions, was clearly sustained by the evidence.

[3] By appellant's first bill of exceptions, he shows that after his motions to quash the indictment and the venire were overruled the court then asked him if he was ready to go to trial, and he announced that he was not ready to go to trial, because he had not been served for at least one full day with a properly certified copy of the indictment returned against him in this case; but the court ordered him to trial, to which he excepted. This is, in substance, the whole of the bill. It is wholly insufficient to show any error. His objection to going to trial, because he had not been served one day with the indictment, does not prove itself. That is merely his objection. If such was the fact, the bill should have shown it, and should have stated it as a fact. As the court ordered him to trial, we must necessarily assume that the court saw, as a matter of fact, that he had been served more than one day with the indictment. The record shows that the indictment was returned and filed November 6, 1911. The case was not called for trial until November 14, 1911. The bill does not show any error.

[4] By another bill, appellant shows that, while the state was introducing its testimony, and the witness A. J. Kallus was testifying, he was asked by the state how much money he paid the deceased, Frank Kubena, on the day he was killed. He replied he had a memorandum in his pocket, which was taken from his books the previous day. The appellant objected to this testimony, because, if the witness had no independent recollection of how much money he paid the deceased, then the books, under proper conditions, would be the best evidence, and not his pocket memorandum, and such testimony was irrelevant and immaterial. The court overruled the objections, and permitted the witness to testify that he had in his pocket the memorandum of the amount he paid the deceased, which was taken from his books the previous day, and same showed he had paid deceased $15. The bill is wholly insufficient, and does not state a sufficiency of the facts and circumstances to show that any error was committed. If we could look to the record, it would doubtless show that he merely referred to the memorandum in his pocket for the purpose of refreshing his recollection, and the memorandum was not introduced in evidence at all, and the bill does not show it was introduced; and that, as a matter of fact, he testified from his knowledge and recollection, after merely refreshing his recollection, from the memorandum. In refreshing a witness' recollection the rule is: "It is immaterial that the writing used by witness is not the original writing or memorandum; he may use a copy of it, if it be sufficient to refresh his memory." 11 Ency. of Ev. 131; I. & G. N. R. R. Co. v. Blanton, 63 Tex. 109; Railroad v. Burke, 55 Tex. 342, 40 Am. Rep. 808; Railroad v. Turner, 42 Tex.

Civ. App. 532, 94 S. W. 214; Railroad v. Startz, 42 Tex. Civ. App. 85, 94 S. W. 213; Riley v. State, 44 S. W. 498.

[5] By another bill, appellant shows that, while the state was making out its case and before it rested, it introduced witnesses for the purpose of contradicting the statements made by the defendant in what is called his voluntary statement, made upon his examining trial before an examining magistrate. The appellant objected to this testimony, because it did not seek to establish, nor did it establish, any material fact or facts which shows his culpability of the crime charged against him; but, on the contrary, said contradictions tend to create in the minds of the jury a prejudice against him as to his being untruthful before he had ever testified in the trial of this case, and thus virtually compelling him to take the stand and testify in his own behalf, even after the state had already blackened the testimony he would give in his own behalf, and thus prejudiced the minds of the jury against him. It will be seen that this bill does not give the voluntary statement claimed to have been introduced, nor does it give the testimony of the witness or witnesses introduced by the state to contradict it, and is wholly insufficient to show any error. Article 724, § 857, p. 557, and article 796, § 1123, p. 732, White's Annotated C. C. P.

[6] By appellant's next bill, he shows that, while W. T. Bagby, special prosecutor, was closing the argument for the state, he made use of the following line of argument: Pointing his finger at defendant, he said: "And to-day, while you were upon the witness stand, George Foley, I handed you the blood-stained pants that bear the blood of Frank Kubena, and asked you to put them on. You declined to do it. You declined to put the shirt and the shoes upon you. They are the very convicting and condemning evidence of your guilt; and you, with that degree of superstition that belongs to your race, declined to put them back upon you for fear of the pointing finger of that man whose life you took on that night for the sum of $15." The appellant objected to this line of argument, because it was highly prejudicial to his rights of a fair trial, was improper, and the remarks in themselves were inflammatory, and that, insomuch as that the appellant's counsel had instructed the appellant, in open court, not to put on the clothes at the request of the prosecution, and that the appellant was told by the court that he would not be compelled to put them on, that these remarks were unfair, in this: That the argument made it appear that it was a voluntary act of refusal on the part of appellant to put on the clothes to gratify some desire of the prosecution; and this fact the prosecution was endeavoring to use, and did use, as a criminating fact and circumstance against appellant. The court overruled the objec-

tions and let the remarks stay before the jury, to which appellant excepted. This bill does not give all the facts that were introduced in evidence, which would show the occasion for these remarks; but it does give enough for us to see that the state doubtless produced and introduced in evidence the clothes worn by the appellant at the time it was claimed that he killed the deceased, and that there was thereon blood, which was claimed to be the blood of the deceased. The bill further shows that when appellant was requested by the state's attorney, during the trial, to put on these clothes that he declined to do so, because his attorney at the time told him not to put them on, and the court told him he would not require him to put them on. All this in the presence and hearing of the jury. It occurs to us that the state's attorney was therefore not out of the record, and had the right to make the comment, in his argument to the jury, complained of. Eggleston v. State, 59 Tex. Cr. R. 550, 128 S. W. 1105; White v. State, 100 S. W. 941; Tabor v. State, 52 Tex. Cr. R. 387, 107 S. W. 1116; Battles v. State, 53 Tex. Cr. R. 202, 109 S. W. 195. Besides, the argument, even if improper, is not shown to be of such a nature, under such circumstances, as to impair his rights or prejudice his case before the jury. No special charge was asked and refused, telling the jury not to consider it. Hatchell v. State, 47 Tex. Cr. R. 385, 84 S. W. 234; Felder v. State, 59 Tex. Cr. R. 144, 127 S. W. 1055; Kennedy v. State, 19 Tex. App. 634; Young v. State, 19 Tex. App. 543; Lancaster v. State, 36 Tex. Cr. R. 20, 35 S. W. 165; Dies v. State, 56 Tex. Cr. R. 36, 117 S. W. 979; Rahm v. State, 30 Tex. App. 313, 17 S. W. 416, 28 Am. St. Rep. 911; Garello v. State, 31 Tex. Cr. R. 61, 20 S. W. 179; Vann v. State, 48 Tex. Cr. R. 15, 85 S. W. 1064; Wright v. State, 37 Tex. Cr. R. 146, 38 S. W. 1004; Franklin v. State, 38 Tex. Cr. R. 347, 43 S. W. 85.

The charge of the court on circumstantial evidence, if subject to any criticism, as complained in appellant's motion for new trial, was clearly corrected by the court's giving to the jury the special charge of appellant on that subject.

[7] The only other complaint of appellant, necessary to be noticed, is to the charge of the court, shown by the eleventh ground of his motion for new trial. In this he recites the charging part of the allegations in the two counts of the indictment shown above in the statement of the case. The substance of appellant's complaint is that the court nowhere, in his charge, limits the jury to either of the modes charged in the indictment. The charge of the court may be inartistically drawn. But, as specifically stated by appellant in this ground of his motion: "The undisputed proof showed, under these allegations, that the death of Frank Kubena was brought about and was the result of blows inflicted upon the head and temple of him.

the said Frank Kubena, with a stone, which bruised and lacerated the head of said Frank Kubena, as charged in the indictment." We have carefully, as stated above, gone over the testimony in this case, and this statement by appellant as to the mode of the killing of the deceased is unquestionably so shown by the undisputed proof; and all the facts, without doubt, show that if the appellant was the party who did the killing that it was murder in the first degree, whether committed in the perpetration of robbery or not. So that the appellant was not and could not have been injured on the ground complained of. Article 743 (new) C. C. P.

The judgment will be affirmed.