**PANHANDLE & S. F. RY. CO. v. COWAN et al.   (No. 2006.)**

(Court of Civil Appeals of Texas. Amarillo. June 28, 1922. Rehearing Denied Oct. 4, 1922.)

**1. Trial ⬥85—Court not required to separate admissible from inadmissible parts of instrument objected to as entirety.**

The trial court was not required, on objection to the admission of an instrument as an entirety, to separate the admissible from the inadmissible parts thereof.

**2. Witnesses ⬥255(2)—Properly permitted to refresh memory by reference to memorandum book.**

There was no error in permitting a witness to refresh his memory by reference to his memorandum book.

**3. Carriers ⬥230(1)—Peremptory instruction properly refused, when evidence made issue as to negligence, and did not conclusively establish contributory negligence.**

In an action against a carrier of hogs, where the evidence made an issue as to negligence on its part, and did not conclusively establish contributory negligence, defendant was not entitled to a peremptory instruction.

*On Motion for Rehearing.*

**4. Trial ⬥85—Not error to admit or reject instrument containing admissible and inadmissible evidence, when offered and objected to as a whole.**

If an instrument containing admissible and inadmissible evidence is offered and objected to as a whole, there is no reversible error, whether the instrument be admitted or rejected.

Appeal from Swisher County Court; J. E. Swepston, Judge.

Action by J. C. Cowan and others against the Panhandle & Santa Fé Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

See, also, 225 S. W. 185.

Madden, Trulove, Ryburn & Pipkin and F. A. Cooper, all of Amarillo, for appellant. Culton & Taylor, of Tulia, for appellees.

BOYCE, J. [1] The account sales was admissible to show the price per pound at which the commission company sold the hogs. The trial court was not required, on objection to the admission of the instrument as an entirety, to separate the admissible from the inadmissible parts of the instrument. N. Y., T. & M. Ry. Co. v. Gallaher, 79 Tex. 685, 15 S. W. 695 (point not in syllabus); G., H. & S. A. Ry. Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Q., A. & P. Ry. Co. v. Galloway (Tex. Civ. App.) 140 S. W. 369 (6). So if it be true that the account sales was not admissible to show weight of the hogs at destination, there is no reversible error in the admission of the evidence under the circumstances.

[2] There was no error in permitting the witness J. C. Cowan to refresh his memory by reference to his memorandum book. S. A. & A. P. Ry. Co. v. Turner, 42 Tex. Civ. App. 532, 94 S. W. 214; H. & T. C. Ry. Co. v. Burke, 55 Tex. 325 (11), 342, 40 Am. Rep. 808.

We do not approve the character of argument referred to in the fourth proposition, but on the whole record do not think it probable that any harm to appellant resulted therefrom.

We find no error in the matter of taxation of costs except in the item of 5 cents, cost of entering appearance of the Ft. Worth & Denver City Railway Company, an item too small for consideration.

[3] The evidence made an issue as to negligence on the part of the defendant, and did not conclusively establish the plea of contributory negligence so that defendant was not entitled to a peremptory instruction.

The seventh proposition is not germane to any assignment.

Affirmed.

*On Motion for Rehearing.*

[4] The objection was to the introduction of the account sales as an entirety. A number of reasons were advanced why it was not admissible, among them that it contained secondary evidence in the reproduction of the weights of the hogs, but there was no request to exclude any particular portion of the instrument on this account. We think the case falls within the rule of the authorities cited in the original opinion. This rule works both ways in the protection of the trial court. If an instrument containing admissible and inadmissible evidence is offered and objected to as a whole, there is no reversible error, whether the instrument be admitted or rejected. See M., K. & T. Ry. Co. v. Washburn (Tex. Civ. App.) 184 S. W. 582 (6, 7).

The motion is overruled.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes