In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00737-CV

____________


HERMAN PAGE, Appellant


V.


MARTON ROOFING, INC., Appellee






On Appeal from 280th District Court

Harris County, Texas

Trial Court Cause No. 1999-40863






O P I N I O N


 Appellant, Herman Page, challenges a summary judgment rendered against him
and in favor of appellee, Marton Roofing, Inc. (MRI), in a lien-enforcement action. 
Page raises three issues on appeal: (1) the trial court erred as a matter of law in ruling
that MRI timely filed a perfected lien; (2) the trial court erred as a matter of law in
ruling that MRI complied with the fund-trapping provisions of the Texas Property
Code; and (3) the trial court erred in awarding MRI costs and attorney's fees. We
affirm.

 Facts


 The material facts in this case are undisputed. In August 1997, Page entered
into an oral contract (Original Contract) with Mark Sepolio, Sr., who was doing
business as Custom Concrete & Construction (Sepolio). The Original Contract called
for remodeling and expanding a building located at 3502 Dover, Houston, Texas, at
the price of $300,000.00. Page made periodic payments totaling $270,000.00. MRI
was a subcontractor of Sepolio under the Original Contract. MRI completed its
portion of the Original Contract in March 1998. In April 1998, Sepolio demanded
that Page advance additional funds to complete the work, and Page refused. Page
terminated the Original Contract on April 14, 1998. 

 Page immediately found several other contractors to finish the project and paid
them a total of $30,657.17, with the last payment made on July 21, 1998, when the
project was completed. When Sepolio failed to pay MRI under the Original Contract,
MRI sent notices of claims totaling $26,892.75 to both Sepolio and Page. MRI filed
a mechanic's and materialman's lien affidavit on June 15, 1998 and sent a copy to
Page. Both parties moved for summary judgment, and the trial court granted
summary judgment in favor of MRI and awarded costs and attorney's fees to MRI.

Standard of Review

 We follow the usual standards for reviewing a summary judgment under Texas
Rule of Civil Procedure 166a(c). The movant must show that (1) there is no genuine
issue of material fact and (2) it is entitled to judgment as a matter of law. Nixon v.
Mr. Prop. Mgmt. Co. Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). Proof that there are
no disputed facts does not automatically entitle the movant to summary judgment; it
must still show that, under those undisputed facts, Texas law directs judgment in its
favor. St. Paul Ins. Co. v. Mefford, 994 S.W.2d 715, 718 (Tex. App.--Dallas 1999,
pet. denied).

Lien Perfection

 In his first issue, Page contends that MRI failed to file a timely lien affidavit. 
In his second issue, Page contends that MRI did not have a lawful fund-trapping
claim because MRI's right to the trapped funds is derivative of the original
contractor; therefore, if the original contractor does not have a legal claim, neither
does MRI.


 Filing of Lien Affidavit


 Because the Original Contract was entered into in August 1997, we apply the
Property Code effective at that time. (1) Chapter 53 of the Texas Property Code
provides the requirements for "retainage" and the means by which to secure a lien
against such retained funds:

 Section 53.101. Required Retainage

 (a) During the progress of work under an original contract for which
a mechanic's lien may be claimed and for 30 days after the work
is completed, the owner shall retain:



 10 percent of the contract price of the work to the
owner; or


 


 10 percent of the value of the work, measured by the
proportion that the work done bears to the work to
be done, using the contract price or, if there is no
contract price, using the reasonable value of the
completed work.


 Section 53.103. Lien on Retained Funds

 A claimant has a lien on the retained funds if the claimant:

 

 sends the notices required by this chapter in the time
and manner required; and 


 


 files an affidavit claiming a lien not later than the
30th day after the work is completed.



Tex. Prop. Code Ann. §§ 53.101, 53.103 (Vernon 1995) (emphasis added).

 The parties agree that Page maintained the proper retainage under section
53.101 and that MRI provided proper notice of claim on May 21, 1998. See Tex.
Prop. Code Ann. §§ 53.101, 53.103(1) (Vernon 1995). Page, however, contends that
MRI did not timely file the lien affidavit as required under section 53.103(2). See
Tex. Prop. Code Ann. § 53.103(2) (Vernon 1995). In order to determine if the lien
affidavit was timely filed, we must decide as a matter of law the meaning of
"completion of work." See id.

 We look to the statute to define "completion of work." Statutory language
should be construed according to the rules of grammar and common usage. Tex.
Gov't Code Ann. § 311.011(a) (Vernon 1998). We should also consider that the
purpose of the statute is to protect laborers and materialmen, and, consequently the
statute should be interpreted liberally in their favor. TD Indus., Inc. v. NCNB Texas
Nat'l Bank, 837 S.W.2d 270, 272 (Tex. App.--Eastland 1992, no writ). 

 The terms "completion" and "work" are defined in the statute. "Work" means
"any part of construction or repair performed under an original contract." Tex. Prop.
Code Ann. § 53.001(14) (Vernon 1995). (2) At the time of the Original Contract's
signing, "completion" meant "the actual completion of the work, including any extras
or change orders reasonably required or contemplated under the original contract,
other than warranty or repair work." Tex. Prop. Code Ann. § 53.106(e) (Vernon
1995). (3)

 Page contends that the work was completed when Sepolio demanded additional
funds and Page refused by terminating the contract on April 14, 1998. MRI contends
the work was completed on July 21, 1998, when the other subcontractors finished the
work outlined under the Original Contract. MRI filed its lien affidavit on June 15,
1998. If the work was completed on April 14, 1998, then MRI did not timely file its
lien affidavit. On the other hand, if the work was not completed until July 21, 1998,
then MRI did timely file its lien affidavit.

 In TD Industries, the Eastland court of appeals found that section 53.106(e)
expressly defines "completion" as when all of the work is to be completed under the
original contract. TD Indus., Inc., 837 S.W.2d at 272. In a case similar to this case,
our sister court addressed this same issue involving the same Original Contract and
the same appellant, but a different contractor. See Page v. Structural Wood
Components, Inc., 57 S.W.3d 524 (Tex. App.--Houston [14th Dist.] 2001, pet.
granted June 20, 2002). The Structural Wood court held that the date the work was
completed was July 21, 1998, when all of the work under the Original Contract was
completed. Id. at 531-32. In reaching its conclusion, the court cited TD Industries
and section 53.106(e) of the Property Code. Structural Wood, 57 S.W.3d at 531.

 Page cites two cases and a treatise, contending that each individual contract
controls its own statutory 10% retainage. See Hayek v. W. Steel Co., 478 S.W.2d 786,
792-94 (Tex. 1972); McKalip v. Smith Bldg. & Masonry Supply, Inc., 599 S.W.2d
884, 889 (Tex. Civ. App.--Waco 1980, writ ref'd n.r.e.); Youngblood on Texas
Mechanics' Liens § 803.1[a] (Kirk 1996). These authorities are distinguishable.

 First, requiring individual statutory retainage does not define "completion of
work" as completion of each individual project because the total value of the project
is more important than the timing of the project's completion. Structural Wood, 57
S.W.3d at 531. Moreover, the authorities Page cites do not discuss section 53.106(e)
of the Property Code. Hayek involved the application of the statutory 10% retainage
to a project. Hayek, 478 S.W.2d at 792-94. The treatise that Page cites is not
applicable because it does not address the definition of "completion of work" under
the Property Code. McKalip involved a case with three separate contracts,
contractors, and projects. McKalip, 599 S.W.2d at 885. We agree with the Structural
Wood court in deciding that these authorities are not applicable to this situation and
thus that the date the work was completed under the Original Contract is July 21,
1998. See Structural Wood, 57 S.W.3d at 531 (holding that cases and treatise cited
by Page were not applicable). We hold that "work is completed" under an original
contract when there is actual completion of all of the work under the original contract,
including a situation when the original contract is terminated.

 The Original Contract was completed on July 21, 1998, and the lien affidavit
thus had to have been filed by August 21, 1998. MRI filed its lien affidavit on June
15, 1998; therefore, the filing of the lien affidavit was timely. We overrule Page's
first issue.


 Claim to Trapped Funds


 In his second issue, Page contends that MRI did not have a legal claim to the
trapped funds because the right to trapped funds is derivative of the original
contractor's right. Trapped funds are those funds held by an owner until the work is
completed. See Tex. Prop. Code Ann. § 53.084 (Vernon 1995). The parties agree
that all of the filing requirements were met for a derivative claim under sections
53.052 and 53.056. (4) Page contends only that MRI's liens are invalid because the
original contractor did not have a claim.

 Page cites cases predating the current sections of the Property Code related to
mechanic's and materialman's liens. Those cases stand for the proposition that a
subcontractor's claim for trapped funds must be derivative of the original contractor's
claim. See Dudley v. Jones, 14 S.W. 335, 336 (Tex. 1890); LeCountour Bros. Stair
Mfg. Co. v. Lyon-Gray Lumber Co., 217 S.W. 136, 137 (Tex. 1919); Fox v.
Christopher & Simpson Iron Works Co., 199 S.W. 833, 835 (Tex. Civ.
App.--Galveston 1917, writ ref'd). Page, however, does not point to any statutory
authority that requires a subcontractor's claim to be derivative of the original
contractor's.

 The Property Code contemplates a 10% retainage fund that owners are required
to maintain to protect contractors. See Tex. Prop. Code Ann. § 53.101 (Vernon
1995). Moreover, a subcontractor can trap funds in the owner's hands if he has not
been paid by the original contractor. Structural Wood, 57 S.W.3d at 529; see Tex.
Prop. Code Ann. § 53.084 (Vernon 1995). There is nothing in the statute that
prevents a subcontractor from perfecting a lien separate from the original
contractor's. Because the fund-trapping provisions have been interpreted to benefit
the subcontractors independently of the contract, we hold the liens are valid.

 We overrule Page's second issue.Costs and Attorney's Fees

 In his third issue, Page contends that the trial court abused its discretion in
awarding MRI costs and attorney's fees. Page contends only that, because the trial
court erred in granting summary judgment, an award of costs and attorney's fees was
improper. Section 53.156 authorizes the award of costs and attorney's fees "[i]n any
proceeding to foreclose a lien [or] . . . in any proceeding to declare that any lien or
claim is invalid or unenforceable in whole or in part, the court may award costs and
reasonable attorney's fees as are equitable and just." Tex. Prop. Code Ann. § 53.156
(Vernon 1995).

 Page does not contend that the trial court was inequitable or unjust in its award
of costs and attorney's fees. Having held that the trial court did not commit error by
granting summary judgment, we hold that the award of costs and attorney's fees was
appropriate.

 We overrule Page's third issue.


Conclusion

 We affirm the judgment of the trial court.






 Tim Taft


 Justice


Panel consists of Justices Mirabal, Taft, and Price. (5)


Justice Mirabal, concurring in the judgment only.


Do not publish. Tex. R. App. P. 47.4.
1. Several sections of Chapter 53 were amended in 1997, effective September 1,
1997, after the Original Contract was entered into. See Act of May 19, 1997,
75th Leg., R.S., ch. 526, § 2, 1997 Tex. Gen. Laws 1880, 1881.
2. Amended by Act of May 19, 1997, 75th Leg., R.S., ch. 526, § 2, 1997 Tex.
Gen. Laws 1880, 1881 (inserting subsecs. (8), (9), and (10) and redesignating
former subsecs. (8), (9), (10), and (11) as subsecs. (11), (12), (13), and (14),
respectively).
3. This section was repealed effective September 1, 1999, but was effective at the
time of the Original Contract. See Act of May 21, 1999, 76th Leg., R.S., Ch.
889, § 12, 1999 Tex. Gen. Laws 3591, 3591. "Completion" of an original
contract is now defined as "the actual completion of the work, including any
extras or change orders reasonably required or contemplated work under the
original contract, other than warranty work or replacement or repair of the
work performed under the contract." Tex. Prop. Code Ann. § 53.001 (15)
(Vernon Supp. 2002).
4. Lien affidavits for all non-residential claims must be filed by the 15th day of
the fourth month after the work is completed. Tex. Prop. Code Ann. §
53.052(a) (Vernon Supp. 2002). This requirement is different from that in
section 53.103. As discussed in the first issue, section 53.103 requires a lien
affidavit on retainage to be filed within 30 days after the work is completed.
5. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.